UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILL JOE LANE,

      Plaintiff,

  v.

DANIEL WHITE, et al.,

      Defendants.

CASE NO. 3:18-cv-05108-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: November 30, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Bill Joe Lane, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 12, 2018. Dkt. 1.

After Defendants filed a Motion for Summary Judgment, Plaintiff filed a Motion for Voluntary Dismissal. Defendants stipulated to the dismissal, but also requested the Court rule Plaintiff's action frivolous and malicious and thus a strike pursuant to 28 U.S.C. §§ 1915(e)(2) and (g). However, the Court has identified no authority demonstrating a stipulated dismissal, even with prejudice, can also constitute a strike. Therefore, the Court recommends Plaintiff's

Motion for Voluntary Dismissal be granted, but recommends Defendants' request that the Court find Plaintiff's action frivolous and malicious be denied.

## I. Background

Plaintiff alleges his First Amendment rights were violated when he was transferred to the Lewis County Jail for a hearing, but was not provided his legal papers at the hearing. Dkt. 4. He also alleged his Fifth and Fourteenth Amendment protections were violated, but did not elaborate on how they were violated. *Id*. Defendants filed a Motion for Summary Judgment, arguing Plaintiff could not establish a legal injury because, even if he was not provided his legal papers, he was represented by counsel at the hearing. Dkt. 19. Defendants also requested the Court find Plaintiff's action frivolous and malicious because of Plaintiff's failure to disclose that he was represented by counsel at the hearing. *Id*. In response, Plaintiff filed his Motion for Voluntary Dismissal, requesting the Court dismiss his action with prejudice because Plaintiff could "no longer in good conscience seek to hold [Defendants] culpable for the deprivations stated in the complaint, and having no desire to proceed against any named or un-named defendants, wishe[d] to withdraw with prejudice." Dkt. 21.

Defendants responded, stating they stipulate to the dismissal of all claims against them with prejudice. Dkt. 22. However, Defendants again requested the Court find Plaintiff's action frivolous and malicious for his failure to disclose that he was represented by counsel at the hearing. *Id*. Defendants state they were burdened by the litigation, incurred costs to defend against it, and that Plaintiff's omission was an example "of the type of abuse of judicial process which this Court can find to be malicious." *Id*. at p. 2. Plaintiff opposes Defendants' request, arguing he had no obligation to include his representation by counsel in his Complaint, stating he did not file the action in bad faith, and finally claiming that, though he can no longer continue the

litigation "in good conscience", "[t]his statement is not based on [his] lack of belief that the defendants are not legally liable." Dkt. 23, p. 2. Rather, he states, though he believes Defendants may be legally liable, he also now believes their actions were not so malicious or intentional as to warrant a judgment against them. *Id*.

## II. Discussion

### A. Motion for Voluntary Dismissal

After Defendants filed their Motion for Summary Judgment, Dkt. 19, Plaintiff filed his Motion for Voluntary Dismissal, Dkt. 21. Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). However, if the defendant has filed an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 163 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)) (footnote omitted). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, Plaintiff has filed his Motion for Voluntary Dismissal, specifying he desires his case be dismissed with prejudice. Dkt. 21. Defendants stipulated to have the claims against them dismissed with prejudice. Dkt. 22. Because Plaintiff has requested dismissal with prejudice, and

because Defendants have stipulated to dismissal with prejudice, the Court recommends Plaintiff's Motion for Voluntary Dismissal (Dkt. 21) be granted, and Defendants' Motion for Summary Judgment (Dkt. 19) be denied as moot.

B. Request to Find Dismissal as a Strike

With their stipulation to dismissal with prejudice, Defendants have also included a request that the Court find Plaintiff's action frivolous and malicious, and therefore a strike under 28 U.S.C. §§ 1915(e)(2) and (g). Dkt. 22, p. 2. They argue Plaintiff's claim is frivolous and malicious because Plaintiff argues he received actual injury to a legal claim at a hearing, but failed to inform the Court or Defendants that he was represented by counsel at the hearing. *Id*. However, Defendants have cited no authority to show the Court may consider a voluntary dismissal a strike. Indeed, the authority the Court was able to identify indicates voluntary dismissal, by its nature, is presumptively not a strike pursuant to § 1915. *See Daniels v. Woodford*, 2008 WL 2079010, at *5 (C.D. Cal. May 13, 2008) ("[A] voluntary dismissal does not constitute a dismissal on the grounds that an action or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,' pursuant to the definitions given in *Andrews v. King*. 398 F.3d [1113,] 1121 [(9th Cir. 2005)]").

The only voluntary dismissals the Court could identify that constituted strikes were voluntary dismissals entered *after* a court had already dismissed the action for failure to state a claim. *See, e.g.*, *Williams v. Navarro*, 2018 WL 4489683, at *3 (S.D. Cal. Sept. 19, 2018) (counting a voluntary dismissal as a strike when the case was voluntarily dismissed after the Court had dismissed the case for failure to state a claim with leave to amend); *Chambers v. Laske*, 2018 WL 3219649, at *7 (C.D. Cal. May 11, 2018) (finding the same); *Jones v. Eller*, 2018 WL 1801254, at *3 (C.D. Cal. Jan. 22, 2018) (noting two stipulated voluntary dismissals

did not constitute strikes pursuant to § 1915). In addition, the cases Defendants cite were dismissals pursuant to motions for summary judgment or dismissals directly pursuant to 28 U.S.C. § 1915. Dkt. 22, p. 2 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Deutsch v. United States*, 67 F.3d 1080, 1086 (3rd Cir. 1995); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Crisafi v. Holland*, 655 F.2d 1305, 1308-09 (D.C. Cir. 1981)). That is not the case here, where Defendants have stipulated to dismissal with prejudice pursuant to Plaintiff's Motion for Voluntary Dismissal and Plaintiff's action has not otherwise been previously dismissed.

Further, this action appears to be the first case Plaintiff has filed with the Court. The Court does not find Plaintiff was acting with the intent to harass Defendants or that the claims in his Complaint are so without merit so as to warrant a finding that his claims were frivolous or malicious. Therefore, the Court recommends Defendants' request to find Plaintiff's action frivolous and malicious be denied. Accordingly, the Court recommends dismissing Plaintiff's case with prejudice, but without imposing a § 1915 strike against Plaintiff.

## III. Conclusion

Based on the foregoing, the Court recommends Plaintiff's Motion for Voluntary Dismissal (Dkt. 21) be granted and Plaintiff's action dismissed with prejudice. However, the Court declines to find Plaintiff's Complaint frivolous or malicious, and so recommends Defendants' request that this case constitute a § 1915 strike be denied.

Finally, in light of the above recommendation, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 19) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 30, 2018, as noted in the caption.

Dated this 14th day of November, 2018.

David W. Christel
United States Magistrate Judge